IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTHEM LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CAUSE NO.: 2:07-cv-93-PPS-APR ) |
| JENNIFER M. SMITH, LARRY W. WHITE, and ESTATE OF KEVIN J. WHITE, | ) ) ) ) |
| Defendants. | ) ) ) ) ) |

**OPINION AND ORDER**

Kevin White was issued a $20,000 life insurance policy by Anthem Life Insurance Company through an employee benefit plan. Jennifer Smith, his girlfriend, is the sole beneficiary listed on the Anthem policy. When Kevin passed away in August 2006, Smith submitted a claim to Anthem for the full death benefits under the policy. The problem is that Anthem also received a claim for $6,085.60 from Larry White, Kevin's father and personal representative of Kevin's estate. Larry paid this amount for his son's funeral expenses. And since the Estate is insolvent, Larry seeks reimbursement for funeral expenses from the proceeds of the Anthem policy. Faced with competing claims for the $6,085.60 sum, Anthem filed this interpleader action against Larry and Smith. Larry and the Estate then filed a cross-claim against Smith for the same amount.

This matter is now before the Court on Larry and the Estate's Motion for Summary Judgment on their cross-claim against Smith. [DE 32]. Summary judgment is appropriate when

the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

Larry claims that he is entitled to a share of the Anthem policy under Indiana probate law. Since the Anthem policy is part of an employee benefit plan governed by the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, I must first consider whether federal preemption applies. Generally, ERISA preempts all state laws insofar as they relate to an ERISA-governed employee benefit plan. 29 U.S.C. § 1144(a). Although "ERISA does not contain any provisions governing disputes between claimants to plan proceeds," a state law "cannot invalidate an ERISA plan beneficiary designation by mandating distribution to another person." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 564-66 (7th Cir. 2002). Here, Larry concedes that Smith is the named beneficiary under the Anthem policy. He is not seeking to invalidate that designation, but argues that he must be reimbursed for funeral expenses from Smith's death benefits. Under Indiana law, if the assets of an estate are insufficient to pay all claims in full, the estate must reimburse the costs of reasonable funeral expenses after costs and expenses of administration have been paid. Ind. Code § 29-1-14-9. Indiana law regarding the distribution of estate assets has no bearing on ERISA. Therefore, preemption is not applicable and I must apply the state law. *See John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank* 510 U.S. 86, 98 (1993) ("ERISA leaves room for complementary or dual federal and state regulation.").

Insurance proceeds are property of the decedent's estate "if payable to the estate of the

decedent or to his personal representative." Ind. Code 29-1-12-1(a)(6).  Larry has not established, or even alleged, that the Anthem policy is property of the Estate.  As personal representative of the Estate, Larry was required to prepare a verified inventory of the estate property.  Ind. Code § 29-1-12-1(a).  Since he has not submitted a copy of that inventory, I have no idea whether the Anthem policy was included among the Estate's assets.  Regardless, it is undisputed that the death benefit under the Anthem policy was payable to Smith, not the Estate or Larry.  Therefore, unless Larry can prove otherwise, the policy is not an estate asset subject to Larry's claim for reimbursement of funeral costs.  *Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1197 (Ind. App. Ct. 2003); *see also In re Estate of Whitehead*, 718 N.E.2d 1207, 1211 (Ind. App. Ct. 2003) (stating federal district court, in a related manner, properly determined under Indiana law that life insurance proceeds payable to a beneficiary do not pass through will or intestate succession and are not probate assets).

I find that a genuine issue of material fact exists as to whether the Anthem policy is an asset of the Estate of Kevin J. White.  Therefore, Larry's and the Estate's Motion for Summary Judgment [DE 32] is **DENIED**.  This matter is referred to Magistrate Judge Andrew P. Rodovich for the purposes of setting a Settlement Conference.  The Final Pretrial Conference is **SCHEDULED** for October 22, 2008 at 9:30 a.m.  The Trial Management Conference is **SCHEDULED** for November 25, 2008 at 9:30 a.m.  Bench Trial is **SCHEDULED** for December 4, 2008 at 9:00 a.m.

    **SO ORDERED.**

    ENTERED: July 31, 2008

    s/ Philip P. Simon
    PHILIP P. SIMON, JUDGE
    UNITED STATES DISTRICT COURT